915 P.2d 881 (1996)
112 Nev. 70
Harold Robert WHITNEY, Jr., Appellant,
v.
The STATE of Nevada, Respondent.
No. 27024.
Supreme Court of Nevada.
April 30, 1996.
Frederick B. Lee, Jr., Public Defender and Frederick H. Leeds, Deputy Public Defender, Elko County, for Appellant.
Frankie Sue Del Papa, Attorney General, Carson City; Gary D. Woodbury, District Attorney and John S. McGimsey, Deputy District Attorney, Elko County, for Respondent.

OPINION
SHEARING, Justice:
On Sunday, April 3, 1994, Mr. Dennis Bohall returned home to his residence in Elko to discover that his deer rifle was missing from his bedroom. On Monday, April 4, 1994, appellant Harold Whitney sold Bohall's deer rifle to an employee of Sierra Jewelry and Loan, an Elko pawn shop, for $130.
Whitney was arrested and charged with one count of receiving, possessing, or withholding stolen goods, a felony as defined by NRS 205.275. A jury trial was held. The State attempted to demonstrate that Whitney knew the rifle was stolen by introducing evidence suggesting that Whitney himself stole the rifle. While Bohall had been out of town, his 17-year-old daughter, Melinda Bohall had given a party for her young friends on Friday, April 1, and then again on April 2, 1994. One of the partygoers, Chad Gibson, testified that Whitney had been at the Bohalls' *882 residence on either April 1 or 2, 1994, thus implying that Whitney had the opportunity to steal the rifle. The jury found Whitney guilty as charged. Whitney was sentenced to serve two years in the Nevada State Prison.
On appeal, Whitney claims that the district court erred in allowing the prosecutor, during closing argument, to repeatedly call attention to the defense's lack of witnesses. The State concedes that while the prosecutor did not directly comment on Whitney's failure to testify, he did refer to the absence of witnesses.
During closing argument, defense counsel pointed out that the prosecutor failed to call other witnesses who were at Melinda Bohall's party who might have testified that Whitney was not at the party or that Chad Gibson, the State's only witness who was at the party, was the one who stole the rifle and gave the rifle to an unsuspecting Whitney. In response, the prosecutor stated the following to the jury:
Now, as far as these hypotheticals about what Chad Gibson might have doneand he may have a mind to do that, Ladies and Gentlemen, we don't know. That's speculation. We also don't know whether or not the defendant received it as gift. I can say that too. Where is the evidence to show that he received it as a gift? Did you hear any evidence to show that he received it as a gift? No.
What you heard the last two days was that he [Whitney] was at the party, undisputed. Where were all these witnesses to come forward and say, no, he wasn't at the party?
. . . .
Where were all these witnesses? There were 50 people on that list. And then Mr.Miss Melindawhat's her name testified. Where were all those witnesses to come up and say, no, Mr. Gibson wasn't there. No, Mr.the defendant wasn't there. No, the defendant wasn't there. No, I didn't see him. This and that.
I would suggest the reason that those witnesses weren't here is because they couldn't add anything to the case. If there were 50 witnesses that didn't see Mr.the defendant there, why would they be a witness? Why would they be asked to testify?
I would suggest that the reason that the car was parked in the back was someone could bet [sic] access to the car. And I would suggest, why would Chad Gibson of all people, why would he come back in and steal the weapon? I would assume that if there is 50 people there or whatever, and he gets kicked out, then there is going to be 50 people to know than [sic] he is no longer welcome there.
He gets kicked out the front door with 50 people, then comes back in the back door and grabs a weapon and leaves? That does not make a heck of a lot of sense, because you would surmise that if 50 people saw him or 10 people saw him there or 35 people saw him there, knew he was no longer welcome, they would have called it to the attention of Miss Bohall and she would have testified about that.
That didn't happen. The reason it didn't happen is because there is no evidence to show that Mr. Chad Gibson came back.
The prosecutor repeatedly referred to the defense's failure to produce evidence or witnesses in support of Whitney's defense theory that Whitney was not at the party and Chad Gibson stole the rifle.
In Ross v. State, 106 Nev. 924, 927, 803 P.2d 1104, 1105-06 (1990), this court stated the following:
It is generally also outside the boundaries of proper argument to comment on a defendant's failure to call a witness. Colley v. State, 98 Nev. 14, 16, 639 P.2d 530, 532 (1982). This can be viewed as impermissibly shifting the burden of proof to the defense. Barron v. State, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). Such shifting is improper because "[i]t suggests to the jury that it was the defendant's burden to produce proof by explaining the absence of witnesses or evidence. This implication is clearly inaccurate." Id. (citing Mullaney v. Wilbur, 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508] (1975); In re Winship, 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368] (1970)).
*883 Accordingly, it is generally improper for a prosecutor to comment on the defense's failure to produce evidence or call witnesses as such comment impermissibly shifts the burden of proof to the defense. Id. It is clear from Ross that it was error for the district court to allow the prosecutor to proceed, over objection, in commenting on the defendant's failure to produce evidence and call people who were at Melinda Bohall's party as witnesses. See United States v. Williams, 739 F.2d 297, 299 (7th Cir.1984). Given this impermissible burden-shifting by the prosecutor, we reverse Whitney's conviction and remand to the trial court; accordingly, we need not address Whitney's other claims of error.
YOUNG, SPRINGER and ROSE, JJ., concur.
STEFFEN, C.J., dissents.
STEFFEN, Chief Justice, dissenting:
The majority sees this case as that of a prosecutor seeking to shift the burden of proof to the defendant below. I see it as a case of fair comment by a prosecutor after defense counsel attempted to demonstrate that the State failed to properly investigate the case by not calling other witnesses who attended Melinda Bohall's party. Indeed, the prosecutor suggested that: "the reason that those witnesses weren't here is because they couldn't add anything to the case. If there were 50 witnesses that didn't see Mr. the defendant there, why would they be a witness? Why would they be asked to testify?" It appears to me that the prosecutor is fairly responding to defense counsel's comments, indicating that the reason the state did not call other witnesses is because they had nothing to contribute to the evidence. In any event, I see this case as overturning a jury verdict by "making a mountain out of a molehill." I therefore dissent.