An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

OBINNA AGBASI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63447

FILED

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of committing a fraudulent act in violation of NRS 465.070 (a gaming statute). Sixth Judicial District Court, Humboldt County; Richard Wagner, Judge.

*Fifth Amendment issue*

Appellant Obinna Agbasi contends that the prosecutor committed misconduct by directly commenting on his decision not to testify. During the prosecutor's case-in-chief, and following his objection to a cross-examination question, defense counsel asked the district court for some latitude so that the jury might hear what occurred at the gaming table and how it may have led to Agbasi being confused during his play. Counsel further asserted that Agbasi's lack of criminal intent was an absolute defense to the charge, whereupon the prosecutor commented that if counsel "wants to talk about intent, she can certainly put the client on the stand." Counsel objected to this comment and asked to make a motion outside the presence of the jury. Thereafter, the district court denied

14-11481

counsel's motion for a mistrial but agreed to give a cautionary instruction regarding the prosecutor's burden of proof, the fact that this burden never shifts, and that any insinuation that the defense has a burden of proof must be disregarded.

The prosecutor's statement was clearly improper and constituted misconduct for two reasons: "first, [it tended] to shift the burden of proof from the State to the defendant; and second, when the reference is that the defendant can testify and establish such evidence, it is a reference to the defendant's ability or reluctance to take the stand and testify." *Barron v. State*, 105 Nev. 767, 778, 783 P.2d 444, 451 (1989). We have repeatedly held that it is "improper for a prosecutor to comment on the defense's failure to produce evidence or call witnesses as such comment impermissibly shifts the burden of proof to the defense," *see Whitney v. State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996); *Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1105-06 (1990), and the U.S. Supreme Court has held that a prosecutor's *direct* reference to a defendant's decision not to testify, at any stage of the proceeding, is always a violation of the defendant's Fifth Amendment right against self-incrimination, *Griffin v. California*, 380 U.S. 609, 615 (1965); *Barron*, 105 Nev. at 778, 783 P.2d at 451. When a prosecutor's comments are an *indirect* reference to a defendant's decision not to testify, the comments are tested by determining whether "'the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be comment on the defendant's failure to testify.'" *Harkness v. State*, 107 Nev. 800, 803, 820 P.2d 759, 761 (1991)

(quoting *United States v. Lyon*, 397 F.2d 505, 509 (7th Cir. 1968)). Comments made in violation of the Fifth Amendment constitute reversible error unless the prosecutor demonstrates beyond a reasonable doubt that the error did not contribute to the verdict. *Chapman v. California*, 386 U.S. 18, 24 (1967); *Harkness*, 107 Nev. at 803, 820 P.2d at 761.

While the prosecutor unequivocally stated that the defense could talk about intent by placing the defendant on the stand, we conclude that this brief comment was not manifestly intended to convey to the jury that Agbasi would fail to testify and therefore did not violate the Fifth Amendment. We further conclude that the district court's clear, immediate, and unambiguous cautionary jury instruction rendered the prosecutor's misconduct harmless. *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987) ("[C]ourts will not reverse when the prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as a basis of conviction, and is followed by curative instructions.").

*Expert witness*

Agbasi contends that the district court abused its discretion by rejecting his expert witness because the witness "had the requisite formal schooling, proper licensure, employment experience, practical experience, and specialized training" to offer opinions as to whether the play was confusing and whether Agbasi merely mimicked the action of the player next to him when placing his bet.

We review a district court's decision to admit or exclude expert testimony for an abuse of discretion. *Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008). Expert testimony is admissible if (1) the

expert is qualified in an area of "scientific, technical or other specialized knowledge," (2) the expert's specialized knowledge will "assist the trier of fact to understand the evidence or to determine a fact in issue," and (3) the expert's testimony is limited to the scope of his or her specialized knowledge. NRS 50.275. It is axiomatic that the purpose of expert testimony "is to provide the trier of fact [with] a resource for ascertaining truth in relevant areas outside the ken of ordinary laity." *Townsend v. State*, 103 Nev. 113, 117, 734 P.2d 705, 708 (1987).

The district court considered prospective defense expert Thomas Flaherty's testimony and counsels' arguments during a hearing outside the presence of the jury. The defense argued that Flaherty was an expert on casino table games, he had reviewed the surveillance video of the play, and he could expertly opine that it was possible that Agbasi became confused during the action at the gaming table. However, the district court found that Flaherty did not have special knowledge that would assist the trier of fact to determine whether Agbasi *intentionally* placed the bet and determined that Flaherty was not an expert. We conclude that Agbasi has not demonstrated that the district court abused its discretion by excluding this witness.

*Cumulative error*

Agbasi contends that cumulative error deprived him of a fair trial. We conclude that there was one error, the error was harmless, and Agbasi was not deprived of a fair trial. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error.");

*Pascua v. State*, 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006).

Having concluded that Agbasi is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Richard Wagner, District Judge
       Demetras & O'Neill
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk