# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN CLAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75000

**FILED**

DEC 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of sexual assault of a minor under 14 years of age with the use of a deadly weapon, sexual assault with the use of a deadly weapon, first-degree kidnapping, robbery, and burglary while in possession of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In April 2012, a man attacked L.N. while she was walking home in the middle of the night. The man dragged her off the sidewalk, took her cell phone, and choked her. He then allegedly sexually assaulted her. Shortly thereafter, Ignacia Martinez and her 10-year-old daughter Karla Martinez were found dead in their home, naked from the waist down. It was determined that they had been beaten to death with a hammer and sexually assaulted. Ignacia Martinez's husband, Arturo Martinez, was also severely injured.

Appellant Bryan Clay was indicted on ten felony counts related to the crimes committed against L.N. and the Martinez family. A jury returned a guilty verdict on all but one count of sexual assault with the use of a deadly weapon against L.N. Clay was sentenced to consecutive prison terms of life without the possibility of parole for the two murders and

19-51620

additional concurrent and consecutive prison terms for the remaining counts.

Clay raises the following issues on appeal: (1) the district court abused its discretion in permitting the State to introduce portions of Clay's statements to law enforcement while excluding other portions, (2) the State improperly shifted the burden of proof to Clay with regard to DNA evidence, (3) the district court abused its discretion in denying Clay's motion to sever the counts involving the two sets of victims, (4) insufficient evidence supports the jury's verdict on the first-degree kidnapping conviction, (5) the district court abused its discretion in admitting certain photographs that were unnecessarily gruesome, (6) the district court abused its discretion in providing four jury instructions, and (7) cumulative error requires the reversal of Clay's conviction. We affirm the judgment of conviction.

*Clay's statements to law enforcement*

Clay argues that the district court improperly admitted portions of his voluntary statements to law enforcement, while excluding other portions. Over Clay's objections, the district court admitted Clay's statements about what he had been wearing the day of the incident and who he would call in times of trouble, but excluded statements claiming that he did not remember what occurred the night of the incident. "We . . . review a district court's evidentiary rulings for an abuse of discretion." *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009).

Clay first contends that the State violated his due process rights by failing to give adequate notice that it would seek to admit his statements. We determine that Clay's argument lacks support. First, Clay has not established that he had a due process right to know how and when the State planned to use his statements, and his reliance on *Glover v. Eighth Judicial*

*District Court* for this proposition is misguided. 125 Nev. 691, 705-08, 220 P.3d 685, 694-96 (2009). In *Glover*, we addressed whether counsel could comment on evidence that was not admitted in closing argument, but we did not compel the State to reveal when it sought to admit the defendant's statements. *Id.* Second, Clay was not prevented from commenting on his statements. He was able to cross-examine the detective who conducted the interrogation and had the opportunity to testify. The district court therefore did not abuse its discretion in admitting Clay's statements.

Clay next asserts that the district court abused its discretion in excluding additional portions of his statements that were necessary to understand the context of the admitted portions. We disagree. The rule of completeness provides that "[w]hen any part of a writing or recorded statement is introduced by a party, the party may be required at that time to introduce any other part of it which is relevant to the part introduced, and any party may introduce any other relevant parts." NRS 47.120(1). Clay's additional statements regarding his lack of memory of the night of the incident were not relevant to his admitted statements about the clothing he wore during the day. Moreover, the admitted statements were undistorted on their own, so no additional statements were needed for clarification. *Cf. Domingues v. State*, 112 Nev. 683, 694, 917 P.2d 1364, 1372 (1996) (holding that the district court erred in prohibiting counsel from presenting additional statements that helped to contextualize the time frame of admitted statements). The rule of completeness does not permit Clay to admit unrelated statements without subjecting himself to cross-examination. *See United States v. Ortega*, 203 F.3d 675, 683 (9th Cir. 2000). As such, the district court permissibly excluded Clay's additional statements.

Finally, Clay argues that the State violated the district court's ruling prohibiting the State from eliciting testimony about what Clay remembered the night of the incident. The record belies this contention, as the State never elicited such testimony. Rather, a detective mistakenly testified about what Clay remembered wearing that night, but upon Clay's objection and at the district court's request, subsequently corrected his testimony to state what Clay wore during the day. The detective's correction prevented the State from opening the door to testimony about Clay's memory of the night of the incident.

We therefore hold that the district court did not abuse its discretion in permitting the State to admit portions of Clay's statements, while excluding other portions.

*Burden of proof with regard to DNA evidence*

Clay argues that the State improperly shifted the burden of proof with regard to DNA evidence. Prior to trial, Clay moved to preclude the State from shifting the burden of proof regarding the presentation of DNA evidence, which the district court granted in part and denied in part. On cross-examination of a DNA expert, Clay inquired about the "number of errors that have been made over the last several years," the existence "of a corrective action report," and "external contamination" of DNA samples. The State subsequently asked whether any samples remained and whether anyone could ask for testing. We review the district court's ruling permitting the State's solicitation of this testimony for an abuse of discretion. *See Chavez*, 125 Nev. at 339, 213 P.3d at 484.

"It is improper to suggest to the jury that it is the defendant's burden to produce proof by explaining the absence of witnesses or evidence." *Lisle v. State*, 113 Nev. 540, 553-54, 937 P.2d 473, 481 (1997). Many courts

SUPREME COURT
OF
NEVADA

(O) 1947A

4

throughout the country, however, have determined that the prosecution does not shift the burden of proof when it elicits testimony that anyone had access to forensic testing. *See Gee v. United States*, 54 A.3d 1249, 1256-57 (D.C. Cir. 2012) (holding that it was proper for the prosecution to ask a DNA expert whether a shirt was available for independent testing after the defense elicited testimony that areas of the shirt were not tested); *People v. Cook*, 139 P.3d 492, 522 (Cal. 2006) (noting that the prosecution "[p]ointing out that contested physical evidence could be retested did not shift the burden of proof").

We hold that the district court did not abuse its discretion in permitting the State's examination of the DNA expert. The State only clarified whether DNA testing was still possible after Clay attacked the DNA evidence during cross-examination. Additionally, the State never argued or implied in closing that the defense failed to produce DNA evidence. *Cf. Hayes v. State*, 660 So. 2d 257, 265 (Fla. 1995) (holding that it was impermissible for the prosecution to elicit testimony that the defense in particular did not request DNA testing, and then rely on that information in its closing argument); *Whitney* v. *State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996) (holding that it was impermissible for the prosecution to ask the jury in its closing argument to consider why the defense had not called any of the potential eyewitnesses). Finally, we dismiss Clay's argument that the jurors' questions about whether the defense requested DNA evidence proved that the State shifted the burden, because the jurors were properly instructed on the burden and no improper argument regarding burden shifting was made. The district court therefore did not abuse its discretion.

*Severance of charges*

Clay argues that the district court abused its discretion in denying his motion to sever the charges related to L.N. and to the Martinez family. We review the district court's decision for an abuse of discretion. *Lovell v. State*, 92 Nev. 128, 132, 546 P.2d 1301, 1303 (1976).

NRS 173.115(1) provides that two or more offenses may be charged in the same indictment when the offenses charged are "[b]ased on the same act or transaction" or "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Even if not part of a common scheme or plan, crimes can nevertheless be "connected together" when a court determines that "evidence of the offenses would be cross-admissible at separate trials." *Farmer v. State*, 133 Nev. 693, 697, 405 P.3d 114, 119 (2017). While evidence of other offenses is inadmissible as character evidence, such evidence is admissible to prove identity. NRS 48.045(2). Moreover, evidence of a separate sexual offense may be admissible in a criminal prosecution for a sexual offense, notwithstanding the rule barring character evidence. NRS 48.045(3).

We conclude that the district court did not abuse its discretion in finding Clay's crimes against L.N. and his crimes against the Martinez family "connected together" because the offenses would be cross-admissible to prove identity in severed trials. First, L.N.'s DNA was found on Clay's jacket that in turn was found in front of the Martinez family's home. Second, the same individual's DNA was found on L.N.'s jacket and in the semen on Ignacia Martinez's and Karla Martinez's bodies. Third, detectives used call data from L.N.'s stolen phone to identify Clay as a suspect in the Martinez family crimes. The alleged sexual assault against L.N. and those against the Martinez family members would also be cross-admissible. *See*

NRS 48.045(3). Therefore, the district court did not abuse its discretion in denying Clay's motion to sever the charges.

Clay alternatively contends that the district court should have severed the charges to prevent prejudice. NRS 174.165(1) allows severance of a trial if it appears that a defendant is prejudiced by joinder. However, it "does not *require* severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Rimer v. State*, 131 Nev. 307, 323, 351 P.3d 697, 709 (2015) (emphasis added) (internal quotation marks omitted). The district court must determine "whether [the] joinder is so manifestly prejudicial that it outweighs the dominant concern [of] judicial economy and compels the exercise of the court's discretion to sever." *Id.* at 324, 351 P.3d at 710 (alterations in original) (internal quotation marks omitted). We have recognized three types of prejudice resulting from joint counts: (1) a large number of counts leads the jury to believe that the defendant has a criminal disposition, (2) "evidence of guilt on one count may [prejudicially] spillover to other counts," and (3) the defendant may wish to testify on one count but not on another. *Id.* at 323, 351 P.3d at 709 (internal quotation marks omitted).

We conclude that there was insufficient prejudice to compel the district court to sever the trial. There was no supporting evidence that the jury would assume Clay committed the charged crimes because of the large number of counts. There was no spillover effect because evidence of the crimes against L.N. and those against the Martinez family would have been cross-admissible at separate trials. Finally, there was no indication that Clay sought to testify on one of the counts against him but not another. We

therefore hold that the district court did not abuse its discretion in denying Clay's motion to sever.

*Sufficiency of the evidence for the first-degree kidnapping*

Clay argues that there was insufficient evidence of first-degree kidnapping because L.N.'s movement was incidental to the robbery and the alleged sexual assault. We review the sufficiency of the evidence for "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Grey v. State*, 124 Nev. 110, 121, 178 P.3d 154, 162 (2008) (internal quotation marks omitted).

When there is a dual conviction for kidnapping and robbery, the movement or restraint required for the kidnapping conviction must either (1) "stand alone with independent significance from the act of robbery itself," (2) "create a risk of danger to the victim substantially exceeding that necessarily present in the crime of robbery, or" (3) "involve movement, seizure or restraint substantially in excess of that necessary to [the robbery's] completion." *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006).

We determine that sufficient evidence supports the kidnapping conviction under any of the *Mendoza* theories. First, L.N.'s testimony that her attacker dragged her to a desert landscaping area and documentation of L.N.'s neck injuries are sufficient for a rational trier of fact to find that the movement and restraint were independently significant. *See, e.g., Pascua v. State*, 122 Nev. 1001, 1004-06, 145 P.3d 1031, 1033-34 (2006). Moreover, the record does not support Clay's argument that the movement was a result of the robbery struggle. Second, L.N.'s testimony that law enforcement could not find her after she was taken from the sidewalk shows

a risk of danger substantially exceeding that necessarily present in a robbery. Third, L.N. testified that she dropped her cell phone yet the strangulation continued, establishing that the restraint was substantially in excess of that which was necessary for the completion of the robbery. Therefore, we hold that there was sufficient evidence to convict Clay of first-degree kidnapping.[1]

*Admission of photographs*

Clay argues that the district court abused its discretion in admitting several unnecessarily gruesome photographs over his objections. The photographs depicted Karla Martinez's body as found at the crime scene, Karla Martinez's sexual assault examination and autopsy, and Ignacia Martinez's autopsy.

Relevant evidence is generally admissible, NRS 48.025, unless "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury," NRS 48.035(1). In *West v. State*, we reasoned "that [d]espite gruesomeness, photographic evidence has been held admissible when . . . utilized to show the cause of death and when it reflects the severity of wounds and the manner of their infliction. Accordingly, gruesome photos will be admitted if they aid in ascertaining the truth." 119 Nev. 410, 420, 75 P.3d 808, 815 (2003) (alteration in original) (footnote and internal quotation marks omitted). Reviewing the district court's decision to admit evidence for an abuse of discretion, *id.*, we conclude that the district court permissibly admitted the photographs.

---

[1]Because Clay was acquitted of the sexual assault of L.N., we need not address whether the kidnapping was independent of the alleged sexual assault.

First, the photographs aided in ascertaining the truth of what occurred by helping a blood-pattern expert testify about the cause of death and assisting doctors with their conclusions regarding the sexual assault and the premortem injuries. Second, although the photographs were graphic, the district court meaningfully assessed whether their probative value was substantially outweighed by unfair prejudice. The district court subsequently only admitted photographs that were the least gruesome available and excluded numerous repetitive or unnecessarily explicit photographs. *Cf. Harris v. State*, 134 Nev. 877, 880, 432 P.3d 207, 211 (2018) (reasoning that the district court abused its discretion when it did not meaningfully weigh the potential for unfair prejudice of each photograph against its probative value), *cert. denied*, ___ U.S. ___, 139 S. Ct. 2671 (2019). We therefore hold that the district court did not abuse its discretion in admitting the photographs.

*Jury instructions*

Finally, Clay argues that the district court violated his due process rights by providing the following instructions to the jury: "implied malice," "premeditated and deliberate," "reasonable doubt," and "equal and exact justice." We review the settling of jury instructions for an abuse of discretion. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

We have upheld each of these jury instructions and determine that there is no compelling reason to overturn our precedent. *See Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (upholding "implied malice" and "equal and exact justice" instructions); *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000) (upholding "premeditated and deliberate" instruction); *Elvik v. State*, 114 Nev. 883, 897-98, 965 P.2d 281, 290-91 (1998) (upholding "reasonable doubt" instruction).

Accordingly, we ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas W. Herndon, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]We need not address Clay's cumulative error claim because we have found no error to cumulate. *See Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000).