MICHAEL EUGENE COLLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12464

January 28, 1982

639 P.2d 530

*William N. Dunseath,* Public Defender, *Michael B. McDonald, N. Patrick Flanagan,* and *Jane McKenna,* Deputy Public Defenders, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, *William A. Maddox,* District Attorney, Carson City, for Respondent.

16

## OPINION

*Per Curiam:*

Appellant Colley was convicted of attempted murder and battery with intent to commit sexual assault resulting in substantial bodily harm. On appeal he raises five assignments of error; none warrants reversal of the conviction.

1. *Prosecutorial Comment.* Colley gave alibi testimony in his own defense, detailing his actions on the evening the crime occurred. Colley named several friends whom he claimed had been with him. One of these was Colley's fiancee, Debra. On cross-examination, the prosecutor asked Colley where Debra was. Colley responded that he would "stand the fifth on that." Defense counsel objected to the line of questioning as being irrelevant. In response, the prosecutor stated, "I believe that Debra . . . was originally named as one of the alibi witnesses." The defense moved for a mistrial; the motion was denied.

Colley argues that the district court erred in denying the motion for a mistrial because the prosecutor's statement "impermissibly shifted the burden of persuasion to the defendant to prove his innocence" by forcing him to explain why Debra did not testify at trial.

The argument is without merit. Although it is ordinarily impermissible to comment on a defendant's failure to call a witness, under the circumstances of this case the statement was justified. It was Colley who injected Debra into the testimony as an alibi witness; and, because she was his fiancee, it was far more appropriate that she be called by the defense in corroboration than by the state. The trial court correctly denied the motion for a mistrial. State v. Kelly, 306 A.2d 58 (N.H. 1973). *Cf.* Biederstadt v. State, 92 Nev. 80, 545 P.2d 202 (1976).

2. *Denial of Psychiatric Examination of State's Witness.* Before trial the district judge denied a defense motion for an order appointing a psychiatrist to examine both the victim and Evelena, another prosecution witness who claimed

Colley had raped her eight days before the prosecutrix was attacked. The motion was correctly denied as to the victim. Her testimony was amply corroborated, and her emotional state was not subject to serious attack. Washington v. State, 96 Nev. 305, 608 P.2d 1101 (1980). Evelena's testimony, however, was not substantially corroborated. Her testimony at the preliminary hearing warranted speculation by the defense that she was emotionally unstable. Still, we cannot hold that the trial court abused its discretion in declining to subject Evelena to a psychiatric examination. Even though such an examination may have been helpful to the defense, the jury was able to observe and evaluate Evelena's emotional condition during her testimony on cross-examination. During questioning by defense counsel, she admitted that she had a drug problem, was seeing a psychiatrist and had been suicidal. Under these circumstances we do not believe appellant suffered prejudice from the denial of his motion. Id. at 308, 608 P.2d at 1103.

3. *Evidence of the Prior Sexual Assault.* Appellant also challenges the denial of his motion to exclude the testimony of state's witness Evelena that she had been choked and raped by Colley eight days before the prosecutrix was attacked.

The trial judge correctly determined that this testimony was relevant to the issues of Colley's intent and identity. The enhanced battery charge required proof that Colley had intended to assault the victim sexually. Evelena's testimony was relevant in proving Colley's state of mind. Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978). The two attacks occurred a fraction of a mile away from each other and were only eight days apart. Under these circumstances, we find no error in admitting the testimony. NRS 48.045(2).

4. *Double Punishment.* Appellant claims that he may not be punished both for attempted murder and for battery with intent to commit sexual assault resulting in great bodily harm. Colley asserts that both convictions arose out of the same transaction. The record in this case, however, establishes that two distinct crimes were committed, each arising out of a separate transaction. First, upon stopping the car, Colley told the victim that he was going to kill her and grabbed her throat. This evidence supports a verdict of attempted murder. Following this episode the victim broke away and got out of the car, and Colley apparently apologized to her. Thereafter he suddenly threw the victim down, saying "You're so pretty." They

struggled; the victim ran away. Colley then followed her and stabbed her several times. During this second attack, the victim's pants and underpants were torn off. The attack supports a verdict of battery with intent to commit sexual assault which resulted in substantial injury to the victim. The evidence in the record supports the conclusion that Colley's motive changed, justifying a conviction for the two separate crimes. *See* Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981); Franko v. State, 94 Nev. 610, 584 P.2d 678 (1978).

5. *Sixth Amendment Violation.* Colley attacks NRS 200.400(3), which directs the jury to choose between a sentence of life with the possibility of parole or life without such possibility, if it finds the defendant guilty of a battery with the intent to commit sexual assault resulting in substantial bodily harm. It is argued that this statute violates the sixth amendment right to counsel because, in closing argument, the defense attorney is compelled to argue both innocence and mitigation. The defect in this argument is that Colley was not prejudiced. His conviction remains unassailable because the closing defense argument was based solely on innocence. Since the jury sentenced Colley to the lesser of the two sentence alternatives, no infirmity can be found from defense counsel's decision not to argue mitigation.

The judgments of conviction are affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.