An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant/Cross-Respondent,
vs.
SAID ELMAJZOUB,
Respondent/Cross-Appellant.

No. 63484

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal and a cross-appeal from an order of the district court granting in part and denying in part a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Respondent Said Elmajzoub was convicted, pursuant to a jury verdict, of battery with intent to commit sexual assault resulting in substantial bodily harm, attempted sexual assault, and first-degree kidnapping. This court affirmed the judgment of conviction. *Elmajzoub v. State*, Docket No. 53682 (Order of Affirmance, June 7, 2010). Elmajzoub then challenged the validity of his judgment of conviction by way of a postconviction petition for a writ of habeas corpus. After conducting an evidentiary hearing, the district court granted the petition in part, concluding that trial and appellate counsel were ineffective in relation to Elmajzoub's right to jury sentencing for the battery count under NRS 200.400(4)(a), entitling Elmajzoub to a new sentencing hearing on the battery conviction, and denied the remaining claims in the petition. The State appeals from the portion of the order that grants Elmajzoub a new

sentencing hearing on the battery conviction, and Elmajzoub appeals from the portion of the order that denies the rest of his claims.

*NRS 200.400*

The State argues that the district court erred by concluding that trial and appellate counsel were ineffective relative to Elmajzoub's statutory right to jury sentencing pursuant to NRS 200.400(4)(a). The district court determined that trial counsel was deficient because he did not know of or inform Elmajzoub of his statutory right to jury sentencing on the battery conviction and that Elmajzoub was prejudiced because he received the more severe of the two sentencing alternatives. The district court also determined that appellate counsel was ineffective for failing to challenge the deprivation of this right on appeal.

To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120

Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court's factual findings are supported by substantial evidence and are not clearly wrong, and we conclude that the State has not demonstrated that the district court erred as a matter of law.[1] *See Colley v. State*, 98 Nev. 14, 18, 639 P.2d 530, 533 (1982) (examining prejudice in the context of NRS 200.400(4)(a)); *see also Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir. 1986) (same).

The State argues that the district court erred because the plain language of the statute does not allow for jury sentencing and because the legislative history of the statute demonstrates that it was the Legislature's intent to have the district court sentence a person convicted under NRS 200.400(4)(a). NRS 200.400(4)(a) provides that a person convicted of battery with the intent to commit sexual assault resulting in substantial bodily harm to the victim shall be punished by imprisonment for either life without the possibility of parole or life with the possibility of

---

[1]While the district court determined that Elmajzoub had to waive his right to jury sentencing on the record, we are unaware of any such requirement; rather, trial counsel may waive some rights on behalf of a defendant as part of a trial tactic or strategy. *See Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965). Regardless, trial counsel did not strategically waive this right as he testified that he did not read the statute to allow for jury sentencing.

parole after a minimum of 10 years has been served "as determined by the verdict of the jury, or the judgment of the court if there is no jury."[2] We disagree with the State's contention that this language is unclear or ambiguous.[3] The statute provides for a jury to sentence a person convicted of the offense unless there is no jury. As the language is clear on its face, we need not look beyond the statute to determine its meaning. *See Goudge v. State*, 128 Nev., Adv. Op. 52, 287 P.3d 301, 303 (2012); *Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 499, 215 P.3d 705, 707 (2009).[4]

On cross-appeal, Elmajzoub argues that the district court's remedy of reversing his sentence for the battery count and remanding for a new sentencing hearing is inappropriate as the statute mandates he be sentenced by the jury that determines his guilt. We are not convinced by

---

[2]We note that NRS 200.400(4)(a) was recently amended to delete the quoted language. A.B. 49 § 9, 78th Leg. (Nev. 2015). This amendment applies to offenses committed on or after October 1, 2015. *Id.* § 27(3).

[3]We further disagree with the State's contentions that the lack of specificity in the statute regarding the presentation of aggravating or mitigating evidence or the procedure for waiving jury sentencing nullifies this plain language.

[4]We express no opinion as to the procedures for the new sentencing hearing. In the absence of specific guidance from the Legislature, it is within the district court's discretion to determine what evidence is relevant and admissible to the jury's sentencing determination. *See generally Atkins v. State*, 112 Nev. 1122, 1127, 923 P.3d 1119, 1123 (1996) ("Trial courts have considerable discretion in determining the relevance and admissibility of evidence."), *overruled on other grounds by McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004).

Elmajzoub's arguments and conclude that the district court's resolution of this claim should be affirmed. *Cf. Dixon v. State*, 83 Nev. 120, 122, 424 P.2d 100, 101 (1967) (holding that the "[f]ailure to properly sentence does not render the entire trial and proceeding a nullity" (internal quotation marks omitted)).

*Ineffective Assistance of Counsel*

On cross-appeal, Elmajzoub argues that the district court erred in rejecting numerous claims of ineffective assistance of trial counsel, including counsel's failure to (1) prepare for trial/sentencing; (2) consider, locate, or investigate "Billy"; (3) effectively cross-examine key witnesses; (4) move for a mistrial or to set aside the verdict; (5) secure an unbiased or impartial jury; (6) object to inadmissible evidence; (7) present any defense witnesses, including those who could rebut the theory of flight; (8) object to the use of Elmajzoub's picture with the word "guilty" superimposed on it in closing argument; (9) object to obvious prosecutorial misconduct as well as surprise and improper identification by the witnesses; (10) obtain and review the casino's surveillance and documents; (11) test and/or discover whether the victim's pants were retested by the defense expert; (12) ensure a proper record of proceedings; and (13) file pretrial and post-verdict motions. Elmajzoub also claims that trial counsel was ineffective in his advice relative to taking the stand, the intoxication defense, and writing a letter to the victim prior to sentencing. He also argues that trial counsel helped the State to convict him. Elmajzoub fails to demonstrate that trial counsel was deficient or that there was a reasonable probability of a different outcome given the overwhelming

evidence against him.[5] Therefore, we conclude the district court did not err in denying these claims.

Elmajzoub also argues that he received ineffective assistance of appellate counsel because counsel failed to appeal numerous meritorious issues, including sufficiency of the evidence and cumulative error, to petition this court for rehearing or en banc review despite four allegedly faulty assumptions in our resolution of the direct appeal, and to raise on appeal any of the above-mentioned issues of ineffective assistance of trial counsel. The district court concluded that Elmajzoub failed to set forth any appellate issues that would have had a reasonable probability of success. Based upon our review of the record, we conclude the district court did not err in denying these claims.

*NRS 34.810*

Elmajzoub argues that the district court erred by summarily dismissing numerous independent claims pursuant to NRS 34.810(1)(b)(2) (waiver of claims that could have been raised on direct appeal), including: (1) he was denied his right to due process due to the trial court's failure to provide him with an impartial tribunal free of juror bias or prejudicial atmosphere; (2) he was denied his due process right due to the State's failure to disclose material exculpatory and/or impeachment evidence,

_____

[5]We note that Elmajzoub failed to include surveillance videotape introduced at trial depicting his movements at the casino on the night of the crime. *See* NRAP 30(d); *Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (stating that appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal).

misleading the jury with purported evidence not supported by the facts or testimony, and other acts of prosecutorial misconduct; (3) there was insufficient evidence to support his convictions; (4) his sentence constituted cruel and unusual punishment; (5) his bail was unreasonable; (6) the police used suggestive identification; (7) he was denied his right to a fair trial based upon alleged misconduct of the State; (8) the trial court erred in admitting blood evidence; (9) his sentence was illegal because the jury was supposed to impose it; and (10) he is factually innocent. We conclude the district court did not err by dismissing these claims as Elmajzoub failed to demonstrate good cause or actual prejudice for failure to raise these claims on direct appeal. *See Bejarano v. State*, 122 Nev. 1066, 1073, 146 P.3d 265, 270 (2006).

Additionally, Elmajzoub claims that the district court abused its discretion by denying his petition because of rampant prosecutorial misconduct. The district court summarily dismissed his claims of prosecutorial misconduct because the claims could have been raised on direct appeal. *See* NRS 34.810(1)(b)(2). While Elmajzoub argues that he was unable to show good cause and prejudice for the failure to raise these claims on direct appeal because the district court did not grant an evidentiary hearing, this argument is without merit. Elmajzoub was required to demonstrate good cause on the face of the petition, *see State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681-82 (2003), and he

failed to meet this burden. Accordingly, we conclude the district court did not err by denying these claims.[6]

*Postconviction Proceedings*

Elmajzoub argues that the district court committed numerous errors during the postconviction proceedings, including: (1) relying upon, and actively seeking before an evidentiary hearing, findings of fact and conclusions of law from the State; (2) requesting the State to draft an order even though it was not the prevailing party; (3) not providing sufficient direction to enable the State to draft the order; (4) failing to allow discovery for the evidentiary hearing; (5) failing to enforce subpoenas for trial and appellate counsel with regard to counsel bringing substantive documents to the evidentiary hearing; (6) failing to allow evidence of prosecutorial misconduct at the evidentiary hearing as well as evidence of the remainder of his claims that were not based on ineffective assistance of counsel; (7) failing to promptly examine the petition; and (8) relying on the law-of-the-case doctrine.[7] We have examined each of Elmajzoub's contentions and conclude that no relief is warranted.

---

[6]We are concerned with the State's comment during closing argument suggesting what type of person would walk a woman home, get jumped, and walk away without any follow up; however, we conclude that Elmajzoub fails to demonstrate a fundamental miscarriage of justice sufficient to excuse the procedural default that precludes consideration of this issue on its merits. *See Bejarano*, 122 Nev. at 1073, 146 P.3d at 270.

[7]We agree with Elmajzoub that some of his claims were not barred by the doctrine of law of the case; however, as we address these claims in this order, we conclude they lack merit and no relief is warranted. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Elmajzoub also claims the district court arbitrarily revoked his postconviction counsel's pro hac vice admission. He argues that the district court effectively created a right to counsel by appointing replacement counsel, that the violation of his right to counsel of choice was a structural defect, and that he was prejudiced because, with replacement counsel, he did not present all the desired evidence and testimony at the evidentiary hearing. There is no constitutional or statutory right to postconviction counsel and no right to the effective assistance of postconviction counsel in non-capital cases in Nevada. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014). The argument that the district court created a right to counsel is unpersuasive. The district court may appoint postconviction counsel pursuant to NRS 34.750, but that discretion does not confer a right upon the petitioner. Additionally, Elmajzoub fails to demonstrate how having replacement counsel precluded him from presenting evidence and testimony at the evidentiary hearing. As Elmajzoub did not have a right to counsel, let alone counsel of choice, he fails to demonstrate the district court erred. Furthermore, we conclude that the district court did not abuse its discretion by revoking counsel's pro hac vice admission. *See* SCR 42(6).

*Brady*

Elmajzoub claims that the State withheld exculpatory and/or impeachment evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Elmajzoub has the burden of pleading and proving specific facts that demonstrate both good cause and actual prejudice for his failure to present this claim in earlier proceedings. NRS 34.810(1)(b)(2), (3); *State v. Huebler*, 128 Nev., Adv. Op. 19, 275 P.3d 91, 95 (2012) (recognizing that a

demonstration that the State withheld the evidence and that prejudice ensued will satisfy the good cause and prejudice requirements to overcome the procedural bar). Given Elmajzoub's testimony at trial and the overwhelming evidence of his guilt, we conclude that Elmajzoub fails to demonstrate prejudice, *see Mazzan v. Warden,* 116 Nev. 48, 66-67, 993 P.2d 25, 36-37 (2000) (analyzing the prejudice prong of a *Brady* claim), and therefore is not entitled to relief.[8]

*Cumulative Error*

Elmajzoub argues that cumulative error entitles him to relief. To the extent he argues cumulative error as an independent ground for relief, we conclude that he fails to demonstrate good cause and prejudice, or a fundamental miscarriage of justice, sufficient to overcome the procedural default of NRS 34.810(1)(b)(2). To the extent he argues that the cumulative errors of both trial and appellate counsel warrant relief, this court has never determined whether multiple deficiencies in counsel's performance can be considered cumulatively for purposes of the prejudice prong of *Strickland. See McConnell v. State,* 125 Nev. 243, 259, n.17, 212 P.3d 307, 318, n.17 (2009). However, even assuming that counsel's deficiencies may be cumulated, *see Harris by and through Ramseyer v. Wood,* 64 F.3d 1432, 1438 (9th Cir. 1995) (concluding that prejudice may result from cumulative effect of multiple counsel deficiencies); *State v. Thiel,* 665 N.W.2d 305, 322 (Wis. 2003) (concluding that multiple incidents of deficient performance may be aggregated in determining prejudice

---

[8]We reject the argument that the State conceded any argument or claim raised by Elmajzoub.

 

under *Strickland*), Elmajzoub has only established that counsel were deficient for not challenging the denial of his right to jury sentencing pursuant to NRS 200.400(4)(a), so there is nothing to cumulate. We conclude that Elmajzoub is not entitled to relief on this ground.

Having considered the parties' arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[9]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Eighth Judicial District Court Dept. 15
        Attorney General/Carson City
        Clark County District Attorney
        Kajioka & Bloomfield
        Jihad M. Smaili
        Eighth District Court Clerk

---

[9]We deny Elmajzoub's request for oral argument.