IN THE SUPREME COURT OF THE STATE OF NEVADA

IVON MAJOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78143

FILED

MAR 17 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery, sexual assault, and robbery.[1]  Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.  Appellant Ivon Major raises three main contentions on appeal.

First, Major argues that the district court erred by refusing to dismiss the kidnapping charge before trial on the ground that it was incidental to the robbery and/or sexual assault charges.  Because Major did not include the preliminary hearing transcript as part of the record, we must presume its contents support the district court's conclusion that the evidence presented at that hearing sufficiently supported the kidnapping charge to allow it to proceed to trial. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."); NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the . . . review of the issues presented on appeal shall be included in the appendix.").  Accordingly, Major has not demonstrated that the district court abused its discretion in

SUPREME COURT
OF
NEVADA

(O) 1947A

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-10489

denying the motion to dismiss the kidnapping charge. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing a district court's decision to grant or deny a pretrial motion to dismiss for an abuse of discretion). Further, Major's argument is now moot because he was not convicted of kidnapping. *See Newman v. State*, 132 Nev. 340, 344, 373 P.3d 855, 857 (2016) ("Generally, we will not decide moot cases."); *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006) (prohibiting *convictions* for both kidnapping and an associated offense when the kidnapping is purely incidental to the other offense).

Second, Major contends that the district court erred by denying his motion to exclude a booking photo.[2] The district court properly admitted the photo because it was relevant to prove identity where Major's appearance changed from booking to trial and the booking photo therefore would assist the jury in determining whether Major's appearance at the relevant time was consistent with the witness descriptions of the assailant and video surveillance showing the assailant. *See* NRS 48.015; NRS 48.025. The admission of this evidence was not unfairly prejudicial to Major because both the State and Major referenced Major's arrest throughout the trial, such that jurors would likely infer the booking photo was taken with respect to his arrest in this case rather than in a different case. *See* NRS 48.035(1) (providing when relevant evidence is excluded due to unfair prejudice);

---

[2]To the extent Major challenges the admission of evidence and/or rulings on motions in limine regarding his prior drug use and him being under the influence of drugs during the commission of the charged crimes, he offers no authority or cogent argument on these issues and we therefore decline to address them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

*Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (holding that a booking photo is not prejudicial when there is no danger that the jury will infer that the photo was taken with respect to a different crime). We therefore conclude that the district court did not abuse its discretion by denying Major's motion in limine, in part, and allowing admission of his booking photo. *See Whisler v. State*, 121 Nev. 401, 406, 116 P.3d 59, 62 (2005) (reviewing a district court's motion-in-limine ruling for an abuse of discretion).

Third, Major argues that the State committed prosecutorial misconduct when it questioned him about evidence and witnesses to corroborate his testimony.[3] Generally, prosecutorial comment on the defendant's failure to present witnesses or evidence impermissibly shifts the burden of proof. *Whitney v. State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996). However, this court has held that a prosecutor may comment on a defendant's failure to substantiate a claim. *Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 415 (2001). Here, the prosecutor's questions merely sought to show that Major had not substantiated his claims that he knew the

---

[3]To the extent Major claims prosecutorial misconduct in the questioning of defense witness Lisa Rivers, we decline to address this issue as Major does not provide any cogent argument. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6. We also choose not to address Major's claims of improper burden-shifting during closing arguments because he has not cited the record to support his contentions and our review of the record finds no such support. NRAP 28(e)(1) (providing that "every assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix where the matter relied on is to be found"); *see also Skinner v. State*, 83 Nev. 380, 384, 432 P.2d 675, 677 (1967) (recognizing that the court may decline to consider arguments not supported by record citations).

victim, had exchanged phone calls and messages with her, and had a friend who could corroborate his claims. *See Colley v. State*, 98 Nev. 14, 16, 639 P.2d 530, 532 (1982) (concluding that where a defendant "injected" a person into the case to support his defense, the prosecutor was justified in commenting on the defendant's failure to substantiate the claim with evidence). Therefore, we find no prosecutorial misconduct. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (considering claims of prosecutorial misconduct by first determining whether there was improper conduct). And, because the State did not commit prosecutorial misconduct, the district court had no reason to issue a curative instruction or order a mistrial, as argued by Major.[4] Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____*Pickering*_____, C.J.
Pickering

_____, J.        _____*Silver*_____, J.
Gibbons                              Silver

cc:    Hon. Ronald J. Israel, District Judge
       Nadine M. Morton
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]Major raises new issues in his reply brief regarding DNA testing, unrelated counts, a mistrial motion, and an allegedly warrantless search. We decline to address these matters because they are raised for the first time in the reply brief, are not supported by citations to the record, and/or are not cogently argued. *See LaChance v. State*, 130 Nev. 263, 277 n.7, 321 P.3d 919, 929 n.7 (2014) (declining to consider issues raised for the first time in appellant's reply brief); NRAP 28(e)(1) (same for claims not supported with record cites); *Maresca*, 103 Nev. at 673, 748 P.2d at 6 (same for claims not cogently argued).