608 P.2d 1101 (1980)
Larry WASHINGTON, Appellant,
v.
The STATE of Nevada, Respondent.
No. 11653.
Supreme Court of Nevada.
March 28, 1980.
*1102 Jeffrey D. Sobel, Las Vegas, for appellant.
Richard H. Bryan, Atty. Gen., Carson City, Robert J. Miller, Dist. Atty., and Howard Douglas Clark, Deputy Dist. Atty., Clark County, Las Vegas, for respondent.

OPINION
PER CURIAM:
Larry Washington appeals from his conviction for sexual assault. He contends that the district judge erred in by denying his motion for a psychiatric examination of the victim and that there is insufficient evidence to support the judgment. We disagree with his contentions and affirm.
Washington picked up two teenage female hitchhikers and stayed with them for approximately four hours, visiting friends, drinking, and smoking marijuana. Ultimately, Washington drove the two girls to the desert where Washington stopped the car and allegedly raped one of the girls. After a trial to the judge sitting without a jury, Washington was convicted and sentenced to 12 years in prison.
Both young women admitted at trial that they lied at the time they reported the rape, when they told police they had been kidnapped. They did not mention using any drugs or alcohol, nor did they mention going to Washington's apartment. However, they gave police an accurate report within a week after their initial statements, and they have maintained that they told the truth at trial.
After the trial, the victim signed a "confession of perjury" which had been prepared and delivered to her by Washington's cousin. Based upon the "confession", Washington moved for a new trial and for a psychiatric examination of the victim to determine if she is a pathological liar. The district judge denied both motions because the victim was subjected to extensive cross-examination, the "confession of perjury" was coerced, and there was nothing to suggest that the victim was faulty in mind or memory.
Washington argues that, in light of the victim's admitted lies to police and the "confession of perjury", the district judge abused his discretion by refusing to order a psychiatric examination. Whether a psychiatric examination of a victim of a sexual assault is appropriate is a matter left to the sound discretion of the trial court. State v. Jerousek, 121 Ariz. 420, 590 P.2d 1366 (1979); Ballard v. Superior Court, 64 Cal.2d 159, 49 Cal. Rptr. 302, 410 P.2d 838 (1966). The trial judge should order an examination if the defendant presents a compelling reason for such an examination. *1103 Generally, there is no compelling reason for a psychiatric examination unless there is little or no corroboration of the victim's allegations and the defense has questioned the effect of the victim's emotional or mental condition upon her veracity. Id., 49 Cal. Rptr. at 313, 410 P.2d at 849; State v. Braxton, 20 Wash. App. 489, 580 P.2d 1116 (1978).
In this case, the victim's testimony was corroborated by her cousin's eyewitness testimony. Although the victim lied to police about non-material matters, she never wavered from her allegation that she was forced to have sexual intercourse. There is ample evidence to support the district judge's conclusion that the victim signed the "confession of perjury" under duress. Furthermore, the victim was extensively cross-examined. It was reasonable for the district judge to determine that a psychiatric examination was not necessary to aid his assessment of the victim's credibility. He did not abuse his discretion by refusing to order such an examination.
Washington also contends that there is insufficient evidence in the record to support his conviction. We must affirm a conviction if there is sufficient evidence in the record to establish proof of guilt beyond a reasonable doubt, as determined by a rational trier of fact. Block v. State, 95 Nev. 933, 604 P.2d 338 (1979). Moreover, the weight and credibility of a witness' testimony is within the sole province of the trier of fact. See e.g. White v. State, 95 Nev. 881, 603 P.2d 1063 (1979). In this case, the testimony of the victim and the eyewitness constitutes substantial evidence supporting the conviction. See Ballard, 49 Cal. Rptr. at 310, 410 P.2d at 846 (uncorroborated testimony of prosecutrix sufficient to sustain conviction).
Finding no error, we affirm the judgment of conviction.