Rose, C. J.,
concurring:
I concur in affirming Koerschner’s convictions because under the existing case law his claims of error are without merit. The State did not present expert psychological evidence, there was substantial corroboration of the child-victim’s testimony, and no credible challenge to the child-victim’s veracity was made. I write separately because I disagree with the majority’s decision to overrule the precedents of the last decade that attempted to level the playing field when the State prosecutes a child sexual assault case with the aid of a psychological expert’s testimony.
While most allegations of sexual assault are proven true, false allegations are occasionally made against a party wrongly accused. These false allegations are extremely difficult to defend against and disprove, especially when the victim is a child. As a result, this Court has made every attempt to make the jury trial process fair to the accused, the State, and the victim. Because psychological evidence is often the critical factor in these cases, we have held that a person accused of child sexual assault should, in certain circumstances, have the assistance of a psychologist or psychiatrist if the State has such assistance.
*1121 A psychological expert is permitted to testify to how the alleged child victim described the crime, whether the child victim shows signs of being coached in testimony, whether the victim suffers post-traumatic stress, whether the observed condition of the child is consistent with an assault, and whether the victim has been forthcoming rather than evasive. See generally Lickey v. State, 108 Nev. 191, 827 P.2d 824 (1992); Marvelle v. State, 114 Nev. 921, 966 P.2d 151 (1998). This testimony is usually a ringing endorsement of the child victim’s testimony and an affirmation that the sexual assault took place. Without the assistance of a psychological expert, the accused is usually at a loss to contest the State’s expert evidence, even if it is untrue or grossly exaggerated.
For this reason, this Court in Lickey determined that when the State uses a psychologist or psychiatrist, the district court should give the accused access to such an expert of his or her own unless compelling reasons are shown to protect the child victim. See Lickey, 108 Nev. at 195, 827 P.2d at 826. This Court went on in Keeney v. State, 109 Nev. 220, 850 P.2d 311 (1993) to articulate the four factors the district court should consider in determining whether an accused should be given the assistance of a psychological expert. Thus, a defendant facing accusations of child sexual assault should have the assistance of an expert in psychology or psychiatry if: (1) the State has employed such an expert; (2) the victim is not shown by compelling reasons to be in need of protection; (3) evidence of the crime has little or no corroboration beyond the testimony of the victim; and (4) there is a reasonable basis for believing that the victim’s mental or emotional state may have affected his or her veracity. See id. at 226, 850 P.2d at 315.
In Griego v. State, 111 Nev. 444, 893 P.2d 995 (1995), we had the opportunity to review a district court’s application of these factors and determined that the court erred by denying the accused the assistance of an expert psychologist. Our analysis in Griego demonstrated two things. First, in balancing the Keeney factors, a district court cannot reach its determination without considering the totality of the factors and may not rely on any single factor. Second, we specifically stated that “absent an affirmative, compelling showing by the State that the alleged victim is in need of protection,” the second factor favors examination of the alleged victim by a mental health expert employed by the defendant. Id. at 450, 893 P.2d at 999. Contrary to the majority’s reasoning, this language is not ambiguous. It specifically states that it is the State’s burden to show “compelling” reasons why the child victim is in need of protection. Furthermore, placing this burden upon the State is appropriate. The State has access to the child victim and most of the evidence in the case, and thus is in a bet *1122 ter position to assess whether the child victim is in need of protection.
In Marvelle v. State, 114 Nev. 921, 966 P.2d 151 (1998), we again held that the defendant in a child sexual assault case was improperly denied the assistance of a psychological expert and clearly indicated that each of the four factors should be considered by the district court and that a decision should be reached by weighing and balancing them collectively. Nowhere in Marvelle did we revoke or alter the State’s burden of showing that an alleged child victim is in need of protection.
With the above authority in mind, I am baffled how the majority comes to the conclusion that there is some ambiguity in our prior cases on the issue of who has the burden to show that a child victim is in need of protection. In Griego we clearly and unambiguously placed the burden upon the State.
Having found this ambiguity, the majority now places the burden on the accused by reaching back to a case decided two decades ago, Washington v. State, 96 Nev. 305, 608 P.2d 1101 (1980). My objection here is two-fold. First, we have consistently decided differently in the last decade by rejecting Washington on this point. Second, the majority opinion changes the very standard itself by now requiring the accused to prove that there is a compelling reason for an examination, rather than requiring the State to show that there is a compelling need for the protection of the child. The majority thus creates a new burden requiring the accused to establish a point that is very difficult to prove. The accused cannot talk to the alleged child victim or the child victim’s health care experts, nor does the accused have the assistance of an expert in the area, which is why the accused brings the motion in the first place.
In addition to shifting the burden to the accused, the majority removes the second Keeney factor from the equation and makes it the trump card of the evaluation process. The majority holds that the determination of whether there is a compelling need for an examination by the defense is the “overriding judicial question which must be resolved based upon the other three factors.’ ’ How this will work in practice, I have not a clue. But we should not stray from this Court’s overriding judicial concern of procedural fairness. Because the criminal process begins with a presumption of innocence, procedural fairness must always be our primary focus.
The decision today returns us to a less equitable rule of law and means that it will be much more difficult for a person accused of child sexual assault to get the assistance of a psychologist or other appropriate health care expert at trial, even if the State uses such an expert. This will make the trial of child sexual assault cases *1123 less fair in some instances, and therefore the final verdict less reliable.